UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA H. CANIZALEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,[1]<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. CV 07-278-OP<br><br>MEMORANDUM OPINION AND ORDER |

The Court[2] now rules as follows with respect to the single disputed issue listed in the Joint Stipulation ("JS").[3]

---

[1] Michael J. Astrue, the current Commissioner of the Social Security Administration, is substituted as the Defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action (See Dkt. Nos. 7, 9.)

[3] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court

(continued...)

# I.
# DISPUTED ISSUE

As reflected in the Joint Stipulation, Plaintiff raises the following ground for reversal and/or remand: whether the ALJ properly considered Plaintiff's subsequent medical evidence and testimony, as submitted to the Appeals Council for review. (JS at 4.)

# II.
# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984).

# III.
# DISCUSSION

The ALJ found that Plaintiff has the severe impairments of lumbar spine

---

[3](...continued)
has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

arthritis, bilateral hand arthritis, bilateral shoulder pain, obesity, and lupus without joint swelling or deformity. (AR at 21, 25.) The ALJ also found that Plaintiff retains the residual functional capacity ("RFC") to perform a range of light work that would require her to lift and carry twenty pounds occasionally and ten pounds frequently; stand and/or walk for six hours of an eight-hour workday; sit for six hours of an eight hour workday; with occasional climbing, balancing, kneeling, stooping, crouching and crawling; with no extremes of temperature and heights; no work requiring good binocular vision; and "no more than limited handling and fingering." (Id. at 25.) The ALJ determined that such limitations did not preclude Plaintiff's past relevant work as a burial plot salesperson. (Id.)

After the ALJ's decision, Plaintiff submitted three pieces of new evidence to the Appeals Council:

1) A December 2, 2004, MRI indicating multilevel degenerative disc disease, spanning from L3-4 through L5-S1 (id. at 4, 8, 300-02);

2) Reports from Dr. Greenspan dated September 28, 2004, through January 7, 2005 (id. at 4, 8, 288-302); and

3) Medical records from High Desert Health, dated September 10, 2003, through May 5, 2006 (id. at 4, 8, 237-87).

Plaintiff argues that the Commissioner failed to properly assess this evidence, which she contends verifies the severity of her impairment and bolsters her credibility. (JS at 4-5; AR at 211.)

Where, as here, the Appeals Council considers additional evidence but denies review (see AR at 5-6), the additional evidence becomes a part of the Administrative Record for purposes of the Court's analysis. See Penny v. Sullivan, 2 F.3d 953, 957 n.7 (9th Cir. 1993); accord Nelson v. Sullivan, 966 F.2d 363, 366 (8th Cir. 1992); see generally 20 C.F.R. §§ 404.970(b), 416.1470(b).

Here, Plaintiff's December 2004 MRI indicated a disc protrusion and degenerative disc disease, L3 through S1. (AR at 300-02.) Dr. Greenspan's

January 7, 2005, Orthopedic Consultation Report[4] includes the following discussion and recommendation based on the 2004 MRI:

> The MRI of the lumbar spine reveals significant disc bulges, stenosis, degenerative changes and abutment of the existing nerve roots. I discussed treatment options with the patient. She feels her back has made minimal improvement since her injury. She states that Tylenol #3 is not relieving her pain. She is not interested in surgery at this time. I will refer for a pain management consultation for possible lumbar epidural injections in attempt to alleviate her symptoms. A prescription for Tylenol #4 is provided for pain and I will change her muscle relaxant to Flexeril 5mg.

(Id. at 297.)

This MRI and Dr. Greenspan's corresponding report do not demonstrate that Plaintiff's RFC as determined by the ALJ warrants any greater restrictions than what was previously asserted. None of Dr. Greenspan's reports provide any indication that Plaintiff is unable to work. In fact, in October 2004, he indicated in a report that Plaintiff was employed as a pastor for New Life Church and that she did not miss any time from work due to her July 2004 slip and fall accident.[5] (Id. at 288.)

---

[4] Dr. Greenspan's Orthopedic Consultation Report was prepared about one month after Plaintiff's MRI. The report includes objective findings of Plaintiff's (1) painful range of motion (lumbar spine), and (2) MRI of the lumbar spine dated December 2, 2004. (AR at 296-298.)

[5] In response, Plaintiff claims that whether she did not "miss work as a Pastor for New Life is noted and is an issue to be resolved on remand." (JS at 18.) Dr. Greenspan, however, did not make any finding to support Plaintiff's disability claim or indicate anywhere in his report that she should stop working or was unable to work. (AR at 288-92, 296-98.)

Although the MRI and subsequent evaluation by Dr. Greenspan offer more specific details of Plaintiff's condition and do reflect an increase in lumbar problems, she does not indicate how this evidence would have changed the outcome of the decision if evaluated by the ALJ. It is a plaintiff's burden to prove disability. Baylis v. Barnhart, 427, F.3d 1211, 1217 (9th Cir. 2005) ("The claimant bears the burden of proving that she is disabled" (citing Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999))). Although the MRI evidence indicates "multilevel degenerative disc disease," and Dr. Greenspan notes degenerative changes, Plaintiff has not explained how this particular medical condition is currently of such severity that it would prevent her working in the capacity of a burial plot sales person. (AR at 301.) Nor is there anything in the record to support such a claim.

Plaintiff contends that the additional records provide support for the fact that a cane and back brace were medically necessary. However, the fact that on June 15, 1005, Dr. Greenspan authorized a cane and a back brace was already in the records reviewed by the ALJ. (Id. at 111.) The additional records still provide no indication that there are any greater restrictions warranted than those assessed by the ALJ. There is no indication in the records provided to inform the Court why Dr. Greenspan prescribed the cane and brace or how and when he instructed her to use it. Other substantial evidence in the record, relied on by the ALJ, indicates a normal gait with no need for an assistive device (see id. at 144), and Dr. Greenspan's October 2004 report noted that Plaintiff walked with "a normal gait" and did "not use any ambulatory aid" (id. at 290). There is no indication in Dr. Greenspan's January 2005 report that this had changed. (See id. at 296-98.) Also, in August 2005, Dr. Sedgh, the consultative examiner, opined that Plaintiff did not need an assistive device despite noting that she walked with a "slightly antalgic" gait. (Id. at 225.) Again, it is the plaintiff's burden to prove disability. Plaintiff has not met that burden here.

Finally, with respect to Dr. Jafferi's reports from High Desert Health, on December 12, 2005, Plaintiff presented complaining of "low backache" and pain in her legs. (Id. at 239.) Dr. Jafferi's notes on that date, in response to Plaintiff's complaint of back pain, state that Plaintiff should "avoid" bending.[6] (Id.) Plaintiff contends this is a limitation such that "most all work activity would be precluded with a preclusion from bending and/or lifting." (JS at 20 (citing AR at 239; DOT 279.357-042; Soc. Sec. Ruling 96-9p at 85-15).) The Court does not agree that this note is equivalent to a preclusion from all bending. Moreover, although Dr. Jafferi's treatment notes indicate that Plaintiff presented with lower back pain at every visit and indicated on one visit that she "wanted disability" (see AR at 186), his treatment plans, including that December 12, 2005, report, did not consist of anything more than a prescription for Motrin or Ibuprofen,[7] a muscle relaxant, and an analgesic cream. (See, e.g., AR at 238, 239.) Radiology reports indicate only a slight change in condition between July 2005 and November 2005. (Id. at 279.) As with Dr. Greenspan's reports, there is no indication that Plaintiff is unable to work and no indication that there are any greater restrictions warranted than those assessed by the ALJ, which the Court agrees were based on substantial evidence of record.[8]

---

[6] Although Plaintiff contends the note says to avoid bending and lifting weights, the handwriting and abbreviations after the word "bending" are difficult to decipher. (AR at 239.) The Court is not convinced that the note also says to avoid "lifting weights." Even if it does, however, the Court's conclusions are not affected.

[7] On January 14, 2004, Plaintiff reported to a physician at UCLA Medical Center that her pain was worse at night but that it was better with the anti-inflammatory medications. (AR at 205.)

[8] Plaintiff raises her elevated ANA titers, consistent with lupus, as
(continued...)

Plaintiff also contends that the additional evidence provides additional support for her testimony and, therefore, bolsters her credibility. (JS at 8, 20.) For all of the same reasons discussed above, the additional evidence does not bolster Plaintiff's testimony sufficient to provide any reason to impose greater restrictions than those assessed by the ALJ.

## IV.
## ORDER

IT IS THEREFORE ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

DATED: March 16, 2009

HONORABLE OSWALD PARADA
United States Magistrate Judge

---

[8](...continued)
additional evidence of Plaintiff's pain. The ALJ found that Plaintiff had the severe impairment of lupus. The record, including the additional evidence presented to the Appeals Council, does not support that Plaintiff was disabled as a result of her lupus and other severe impairments.